```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRUSTEES OF THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND,
WELFARE FUND, ANNUITY FUND, and
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, et al.

                              Plaintiffs,                13 Civ. 6648 (PKC)

          -against-                                      MEMORANDUM
                                                         AND ORDER

STRONG PARTITIONS INC.,

                              Defendant.
-----------------------------------------------------------x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-19-13

P. KEVIN CASTEL, U.S.D.J.

Plaintiffs, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining Educational and Industry Fund, et al. (collectively, "the Funds"), have moved for a default judgment, seeking confirmation of an arbitral award. For the reasons stated below, the Funds' motion is denied without prejudice.

## BACKGROUND

The Funds include employer and employee trustees of multiemployer labor-management trust funds, trustees of a 501(c) charitable organization, a labor union that represents employees and is the certified bargaining representative for certain employees of the defendant, and a New York non-profit corporation. (Compl. ¶¶ 4-7.) The Funds allege, upon information and belief, that Strong Partitions is a New York corporation, and is an employer within the meaning of 29 U.S.C. § 1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. 142. (Compl. ¶ 8.) The defendant corporation was dissolved

by proclamation pursuant to N.Y. Tax Law § 203-a on October 26, 2011.  (Affidavit of Service, Decl. of Richard B. Epstein Ex. C.)

At relevant times, Strong Partitions was a party to, or manifested an intention to be bound by a CBA with the Union.  (Compl. ¶ 10.)  Pursuant to the collective bargaining agreement, Strong Partitions was required to remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union.  (Epstein Decl. ¶ 5.)  The CBA required Strong Partitions to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions and for the submission of disputes to final, binding arbitration.  (Compl. ¶ 11.)

The Funds allege that Strong Partitions failed to comply with the Funds' demands to furnish its books and records for the purpose of conducting an audit for the audit period October 1, 2010 through May 2, 2013.  (Compl. ¶ 12.)  Pursuant to the CBA's arbitration clause, the dispute was submitted to duly designated arbitrator Roger Maher.  (Compl. ¶ 13.)  All parties were provided with notice of the arbitration hearing (Compl. ¶ 14.)  Strong Partitions did not appear at the hearing.  (Arbitration Award, Epstein Decl. Ex. A, at 2.)  The arbitrator found Strong Partitions to be in default, and heard testimony and took evidence from the Funds, petitioners in the arbitration.  (Id.)  The arbitrator issued an award on July 10, 2013, in which he found that Strong Partitions was in violation of the terms of the CBA and ordered Strong Partitions to pay the Funds a sum of $1,616,688.38, including contributions in the estimated amount of $1,270,019.25, interest in the amount of $83,295.28, liquidated damages in the amount of $254,003.85, assessments to the Promotional Fund of $7,020.00, court costs of $350.00, attorney's fees of $1,500.00 and the arbitrator's fee of $500.00, with interest to accrue

at the rate of 5.25% [sic] from the date of the Award. (Compl. ¶ 15.) Defendant has not complied with the award. (Compl. ¶ 16.)

The Funds filed a complaint in this action on September 19, 2013, seeking confirmation of the arbitral award pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, and attorney's fees for bringing the instant action.[1] (Docket No. 1.) Two copies of the summons and complaint were served on the New York Secretary of State on September 23, 2013. (Docket No. 5.) The affidavit of service was filed on September 30, 2013 (Docket No. 5.) On November 6, 2013, the Clerk of Court issued a certificate of default certifying that Strong Partitions had not filed an answer or moved in any manner with respect to the Complaint. (Docket No. 6.) On the same day, the Funds filed this motion for a default judgment and submitted papers supporting its request for attorneys' fees. (Docket No. 8.) Strong Partitions has not appeared in this action and has not responded to this motion.

DISCUSSION

Strong Partitions was dissolved by proclamation of the New York Secretary of State pursuant to Section 203-a of the New York Tax Law on October 26, 2011. Once so dissolved, a corporation "may continue to function for the purpose of winding up the affairs of the corporation in the same manner as if the dissolution had not taken place, except as otherwise provided . . . or by court order." New York Bus. Corp. Law § 1006(a). Section 1006(a)(4) provides that "The corporation may sue or be sued in all courts and participate in actions and proceedings, whether judicial, administrative, arbitrative or otherwise, in its corporate name, and process may be served by or upon it." Courts in this district and New York state courts have

---

[1] The Plaintiffs also allege that this action is brought pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. (Compl. ¶ 1.) The Second Circuit has held that the FAA does not apply to cases brought under Section 301 of the LMRA. Coca-Cola Bottling Co. of New York, Inc. v. Soft Drink & Brewery Workers Union Local 812 Int'l Bhd. Of Teamsters, 242 F.3d 52, 53 (2d Cir. 2001).

- 3 -

held that a dissolved corporation can sue and be sued for obligations arising prior to their dissolution, but lack capacity to sue and be sued for obligations arising after dissolution that do not relate to the winding up of the corporation.  See, e.g., McCready v. National Credit Systems, Inc., 07 Civ. 7705 (DAB) (JCF), 2010 WL 815079, at *1 (S.D.N.Y. March 9, 2010) (Magistrate Judge Francis) (collecting cases); Moran Enters., Inc. v. Hurst, 66 A.D.3d 972, 975 (2d Dep't 2009) (holding that a dissolved corporation may sue an attorney whose representation of it commenced prior to its dissolution, but could not sue an attorney and firm whose representation of it commenced after its dissolution); Brandes Meat Corp. v. Cromer, 146 A.D.2d 666, 666-67 (2d Dep't 1989).  But see Archibold v. Tristate ATM, Inc., 11 Civ. 5796 (SJ) (LB), 2012 WL 3887167, *2 n.3, *8 (E.D.N.Y. Sept. 7, 2012) (Report and Recommendation of Magistrate Judge Bloom) (noting that the defendant corporation was dissolved pursuant to New York Tax Law § 203-a prior to the events arising in the complaint, but recommending grant of default judgment against defendant corporation).

Section 1006(b) states, however, that "The dissolution of a corporation shall not affect any remedy available to or against such corporation, its directors, officers, or shareholders for any right or claim existing <u>or any liability incurred before such dissolution</u> . . . ."  New York Bus. Corp. Law § 1006(b) (emphasis added).  Section 1006(b) addresses the liability of dissolved corporations, whereas section 1006(a)(4) addresses the capacity of dissolved corporations to sue and be sued.

While the Funds may be able to state a claim against Strong Partitions for obligations arising prior to the dissolution, the Funds have not, at this juncture, demonstrated that Strong Partitions is liable for obligations incurred after its dissolution.  Strong Partitions was dissolved on October 26, 2011.  The Funds seek to confirm an arbitration award issued on July

- 5 -

10, 2013, over 20 months after the dissolution of the defendant corporation. The complaint and the materials supporting the motion for default judgment do not distinguish between obligations incurred prior to Strong Partition's dissolution and obligations incurred after dissolution. Because the Funds move for confirmation of an arbitration award issued after the dissolution of Strong Partitions, and neither allege that the award relates to liability incurred prior to Strong Partitions' dissolution nor state any other basis for liability, their motion is denied.

If the Funds choose to renew their motion, they are reminded that the Second Circuit has held that default judgments are generally inappropriate in confirmation proceedings. D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006). Any such motion should be in the form of a motion to confirm the award.

## CONCLUSION

Plaintiff's motion for default judgment is denied without prejudice to refiling. The Clerk is directed to terminate the motion. (Docket No. 8.)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       December 18, 2013